United States District Court
Southern District of Texas
**ENTERED**
April 19, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAKE PASSAGE TRUST, TIFFANY ASTON AS TRUSTEE, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-03474 |
| HSBC BANK USA, N.A., *et al*, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is a Motion to Remand filed by Plaintiff Lake Passage Trust, Tiffany Aston as Trustee ("Plaintiff") (Doc. No. 8). Two defendants in the case, HSBC Bank USA, N.A., as Trustee on Behalf of the ACE Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP6, Asset Backed Pass-Through Certificates ("HSBC"), and PHH Mortgage Corporation ("PHH") (collectively, the "Defendants") filed a response (Doc. No. 11). After careful consideration, the Court **DENIES** the Motion to Remand.

### I.  Background

On August 25, 2020, Plaintiff filed an Original Petition against Defendants in the 11th District Court of Harris County, Texas. (Doc. No. 1-1). The suit names HSBC, the trustee on behalf of the trust at issue, as a defendant. (*Id.*). Defendants timely removed the action to this Court based on diversity jurisdiction. (Doc. No. 1). The notice of removal alleges the citizenship of the parties, including that of HSBC (a citizen of Virginia). (*Id.* at 3–4). Plaintiff filed a Motion to Remand (Doc. No. 8) based upon improper allegations in the notice of removal. Defendants filed a response. (Doc. No. 11).

1

## II. Legal Standard

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Accordingly, the removing party bears the burden of establishing that federal subject matter jurisdiction exists, and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

A federal court has subject matter based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different States." § 28 U.S.C. 1332(a). Diversity must be complete, which "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). 28 U.S.C. § 1446(a) requires that the notice of removal set forth a "short plain statement of the grounds for removal." The short and plain statement need not be supported by evidence. *Dart Cherokee Basin Oper. Co. v. Owens*, 574 U.S. 81, 87 (2014). If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

## III. Analysis

Plaintiff argues that Defendants failed to allege their own citizenship in the notice of removal, because they alleged the citizenship of HSBC, the trustee, but did not properly allege the Trust's own citizenship. (Doc. No. 8 at 2). Plaintiff acknowledges that when the trustee has exclusive authority over the property, i.e., the trustee's control is "real and substantial," courts look

2

only to the citizenship of the trustee to determine jurisdiction. (*Id.* at 4). Instead, Plaintiff argues that where, as here, the trustee is sued in its own name, the removing party must allege facts to show that the trustee is an active trustee whose control over the assets held in its name is "real and substantial." (*Id.*) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 191 (1990). Plaintiff contends that in the absence of Defendant making such allegations concerning the nature of the Trust, its additional failure to allege the citizenship of the Trust itself is fatal to its removal. (*Id.*).

Defendants respond that when a trustee is sued in its own name and maintains real and substantial control over the trust's assets, the beneficiaries are not necessary parties and their citizenship is immaterial. (Doc. No. 11 at 8–10) (citing *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 464 (1980) and *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351 (5th Cir. 2017)). Defendants argue that the Pooling and Servicing Agreement (the Trust agreement) (the "PSA"), clearly establishes that HSBC, the trustee and named Defendant, has substantial control over the trust's assets, while the beneficiaries' rights are very limited. (*Id.* at 14). Therefore, Defendants contend that HSBC is the real party to the controversy in the case and its citizenship alone is relevant for determinizing jurisdiction.

The Court, applying the law established by the Fifth Circuit in *Bynane*, finds that Defendants' notice of removal was proper. First, *Bynane* stated that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Bynane*, 866 F.3d at 356 (citing *Navarro*, 446 U.S. at 461). Second, *Bynane* reiterated that *Navarro* stands for the proposition that "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others," or alternatively, when the control is "real and substantial." *Id.* at 356. The *Bynane* Court went on to hold that the *Navarro* framework plainly

3

applied to the case before it: "[Trustee's] citizenship, not the trust's shareholders' citizenships, is relevant for determining diversity jurisdiction *because [Trustee] was sued in its own name as trustee and it has sufficiently real and substantial control over the trust's assets.*" *Id.* at 358–59 (emphasis added). Here, HSBC was sued in its own name as trustee, and it exerts real and substantial control over the trust's assets.[1] Its position fits squarely within the holding of *Bynane*. Therefore, only HSBC's citizenship is relevant for determining diversity jurisdiction.

Moreover, Defendant's failure to allege specific facts that would support the traditional nature of the Trust—in other words evidence that the Trustee exerts real and substantial control over it—is not fatal to its removal. Plaintiff cites mainly to *Booty v. Shoney's*, 872 F. Supp. 1524 (E.D.La. 1995) to demonstrate that the removing parties were required to allege specific facts as to the particular nature of the Trust in the notice of removal. (Doc. No. 8 at 3, 5). *Booty*, however, did not involve a trust, nor does it set out the requirements for, or even address, how a removing party must describe a trust in a notice of removal.[2] The Defendants met the removal requirements and set forth "a short and plain statement of the grounds for removal," *Dart*, 574 U.S. at 83, by describing HSBC's position as a trustee, citing to *Navarro* for the proposition that the trustee's citizenship governs, and defining HSBC as a national banking association with its principal place of business in Virginia. (Doc. No. 1 at 3–4). Plaintiff cannot escape the rulings of *Navarro* or *Bynane* by holding Defendants to a higher pleading standard.

---

[1] For example, under the PSA, the Trustee possesses "all the right, title and interest of the Depositor, including any security interest therein for the benefit of the Depositor"; the Trust's purpose is to "acquire and hold . . . assets," "issue the Certificates sold," and "make payments on the Certificates"; and the Trustee "shall exercise such of the rights and powers vested in it by this Agreement." (Doc. No. 11 at 13–14).

[2] Moreover, while persuasive authority, *Booty* is not binding precedent on this Court.

4

Further, at oral argument, Plaintiff's counsel conceded, having been given the opportunity to actually review the controlling trust documents, that the argument for remand was probably not supportable.

## IV.    Conclusion

For the foregoing, the Court **DENIES** the Motion to Remand. (Doc. No. 8).

Signed at Houston, Texas, this ___ day of April 2021.

Andrew S. Hanen
United States District Judge