IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAKE PASSAGE TRUST, TIFFANY ASTON AS TRUSTEE, | § § § |
| *Plaintiff*, | § § |
| v. | § § § |
| HSBC BANK USA, N.A., AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-ASAP6, ASSET BACKED PASS-THROUGH CERTIFICATES; PHH MORTGAGE CORPORATION; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | § § § § § § § § § § § § § §   CASE No. 4:20-cv-03474 |
| *Defendants*. | § |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S OPPOSED MOTION TO EXTEND DEADLINE TO TAKE NON-PARTY DEPOSITION AND SUPPLEMENT BRIEFING BEFORE THE COURT RULES ON THE PENDING MOTIONS TO DISMISS (DKT. NO. 36)

Defendants, HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP6, Asset Backed Pass-Through Certificates ("HSBC"), PHH Mortgage Corporation ("PHH MC"), and Mortgage Electronic Registration Systems, Inc. ("MERS")(collectively "Defendants"), hereby file this Response in Opposition[1] to Plaintiff's "Opposed Motion to Extend Deadline to Take Non-Party Deposition and Supplement Briefing

---

[1] Plaintiff's Certificate of Conference in its Motion indicates that "Defendant MERS" is opposed to the Motion. All Defendants are opposed to the Motion.

4852-0268-9264

Before the Court Rules on the Pending Motions to Dismiss" (the "Motion to Extend Deadlines")(Dkt. No. 36).

## I.  STATEMENT OF NATURE AND STAGE OF THE PROCEEDING

1. This is a contested foreclosure case brought by a property investor, Lake Passage Trust ("Plaintiff" or "Lake Passage").  Pending before the Court are Defendants' Motions to Dismiss the suit in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). On April 14, 2021, the Court entertained oral argument on Defendants' pending Motions to Dismiss and, on April 20, 2021, the Court granted them in part, and deferred ruling on the remaining issues until July 5, 2021. *See* Dkt. Nos. 31, 32.

2. On April 21, 2021, the court issued an order allowing Plaintiff to conduct limited targeted discovery. Dkt. No. 32. More specifically, the court ordered that: 1) MERS had to respond to certain discovery by June 4, 2021; 2) PHH and HSBC had to respond to certain discovery if signer Scott Anderson is or was employed by either of them; 3) Plaintiff could issue a deposition subpoena duces tecum to non-party Doris Chapman limited to certain topics and requests; 4) Plaintiff had until June 18, 2021 to take Doris Chapman's deposition; 5) the parties could <u>supplement</u> their briefing by July 2, 2021; and 6) the court would proceed to rule on the motions to dismiss on July 5, 2021. Dkt. No. 32. PHH and MERS have timely responded to the written discovery.  Contrary to Plaintiff's contentions in its Motion to Extend Deadlines, the Court did not order that Plaintiff could replead before the July 5, 2021 deadline.

3. Despite the fact that it initially scheduled the deposition of Ms. Chapman to take place several days after the Court's June 18, 2021 deadline, Plaintiff now asks this Court to defer its ruling on the Motions to Dismiss for more than two months more to allow Plaintiff additional

time to depose Ms. Chapman. And, although Plaintiff does not presently have a right to replead prior to this Court's ruling on the Motions to Dismiss, Plaintiff attempts to recast the Court's April 21, 2021 Order as one that also affords Plaintiff the opportunity to replead prior to this Court's ruling on the Motions to Dismiss.

## II.  RELEVANT FACTS

4. This case centers largely on Plaintiff's contention that the Assignment of the Deed of Trust at issue dated October 30, 2007 (the 2007 Assignment) is a forgery and therefore void ab initio. Plaintiff bases its present Motion to Extend Deadlines on its supposed need to depose Doris Chapman ("Ms. Chapman") to bolster its forgery allegations.  Ms. Chapman's sole involvement in this case is that she notarized the 2007 Assignment.

5. Since the time of its prior briefing, PHH MC has discovered that, premised on the belief that the 2007 Assignment was lost, in May of 2017, PHH MC's predecessor by merger prepared a second, virtually identical assignment (the "2017 Assignment").  The 2017 Assignment was executed on May 12, 2017 and, like the supposedly forged 2007 Assignment relied on by Plaintiff, it too transfers the Deed of Trust from MERS to HSBC.  Like the challenged 2007 Assignment, the 2017 Assignment was also signed, notarized, and filed as a public record in the real property records of Harris County as Instrument No. RP-2017-220245.[2]  Stated differently, in substance, the 2017 Assignment and the 2007 Assignment are virtually identical.  In light of their discovery of the 2017 Assignment, Defendants have timely filed supplemental briefing in support of their Motions to Dismiss, explaining that the 2017 Assignment renders the issue of the supposed forgery of the 2007 Assignment moot.  *See* Dkt No. 38.  As explained below, Plaintiff has not

---

[2] *See* Ex. 1, 2017 Assignment.

shown good cause for the relief it seeks, Ms. Doris Chapman's testimony is also now moot, and justice is not served by unnecessarily prolonging this Court's ruling on the pending motions to dismiss so that Plaintiff can engage in what is now certain to be a fruitless fishing expedition.

### III. ARGUMENTS & AUTHORITIES

**1.     Plaintiff's original subpoena sought to depose Ms. Chapman after the Court's June 18, 2021 deadline.**

6.     Plaintiff asks this Court to exercise its discretion in ruling on discovery matters by continuing its ruling on the pending Motions to Dismiss in order to give Plaintiff more than two additional months to depose Ms. Chapman. Yet, Plaintiff's present Motion to Extend Deadlines makes evident that Plaintiff's initial plan to depose Ms. Chapman was already outside of the time period allowed by this Court. By Plaintiff's admission, pursuant to the Court's order dated April 21, 2021, "Plaintiff had until June 18, 2021 to take Doris Chapman's deposition".[3] Yet, every single subpoena Plaintiff served or purported to serve on Ms. Chapman sought to take her deposition on June 21, 2021, several days after this Court's deadline.[4]

7.     A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is decided on the face of Plaintiff's Complaint. This Court never ordered that Plaintiff was entitled to depose Ms. Chapman as a matter of course prior to this Court's ruling on the pending Motions to Dismiss. Rather, the Court gave Plaintiff almost two more months from the date it issued its order to take Ms. Chapman's deposition. Plaintiff could have attempted service on Ms. Chapman at all three addresses it found for her from the inception, but it chose not to. And, as demonstrated by the subpoenas attached to Plaintiff's Motion to Extend Deadlines, Plaintiff never intended to comply

---

[3]     Dkt. No. 36, Motion to Extend Deadlines at ¶ 3.
[4]     *See,* Dkt. No. 36, Ex. 1-3.

with this Court's June 18, 2021 deadline. Plaintiff has not shown it is deserving of the relief sought here.[5]

**2.      Plaintiff misstates the Court's April 20, 2021 order as an order granting it leave to replead before the Court's ruling on the Motions to Dismiss.**

8.      Plaintiff misstates this Court's April 21, 2021 Order as allowing Plaintiff leave to replead prior to this Court's ruling on the pending Motions to Dismiss. *See* Motion to Extend Deadlines at ¶ 9 ("This court exercised its discretion when it ordered that Plaintiff could take Ms. Chapman's deposition and have an opportunity to amend before the court ruled on the pending motions to dismiss."). No such language can be found in the Court's Order. Rather, the Court ruled that any party could *supplement* its briefing on or before July 2, 2021. To date, Plaintiff has not sought to supplement its briefing. Plaintiff also makes no attempt to show good cause for repleading, nor states the substance of what it intends to add to its Complaint. Notably, Plaintiff does not pray for leave to replead and does not include language allowing it to replead in its proposed order accompanying its Motion to Extend Deadlines—it appears that Plaintiff is mistakenly conflating the Court's ruling to the effect that any party could supplement its briefing with a ruling to the effect that Plaintiff can replead.

**3.      Ms. Chapman's testimony is moot.**

9.      Finally, as set forth more fully in Defendants' Supplemental briefing (Dkt. No. 38),[6] the 2017 Assignment renders Plaintiff's forgery allegations moot. Assuming, for argument's sake, that the 2007 Assignment is indeed a forgery, the 2017 Assignment validly accomplishes the same

---

[5]    Plaintiff contends that August 20, 2021 is a date that works for everyone. To be clear, Defendants' counsel simply indicated that, should this case proceed beyond the Court's ruling on the Motions to Dismiss, Defendants' counsel was available on August 20, 2021.

[6]    Defendants incorporate their supplemental briefing addressing the effect of the 2017 Assignment by reference as if set forth in full here.

thing: assigning the Deed of Trust from MERS to HSBC. Thus, whether by virtue of the 2007 Assignment or by virtue of the 2017 Assignment, HSBC is clearly the current beneficiary of the Deed of Trust. Consequently, Ms. Chapman's testimony with regard to the execution of the 2007 Assignment is now moot and does not warrant delaying a ruling on the pending Motions to Dismiss.

10. Delaying a ruling on the pending Motions to Dismiss and allowing Plaintiff an opportunity to replead after Ms. Chapman's deposition does not serve justice. Defendants complied with the Court's order in responding to Plaintiff's discovery by June 4, 2021, and have timely supplemented their briefing. Plaintiff's inability to abide by this Court's schedule in timely deposing Ms. Chapman does not warrant delaying a ruling on the pending Motions to Dismiss.

### IV. CONCLUSION & PRAYER

For all of the reasons set forth *supra*, this Court should not extend Plaintiff's deadline to depose Ms. Chapman nor grant it further relief in the form of an amended pleading or a later date for supplemental briefing before ruling on the pending Motions to Dismiss.

Defendants respectfully request this Court deny Plaintiff's Motion to Extend Deadlines in its entirety and proceed to rule on the pending Motions to Dismiss on July 5, 2021, as indicated in the Court's April 21, 2021 Order, and grant any other relief to which Defendants are justly entitled, in law or in equity.

Dated: June 30, 2021          Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Brett W. Schouest*
    Brett W. Schouest
    State Bar No. 17807700
    Southern District No. 15356
    bschouest@dykema.com
    Neyma Figueroa
    State Bar No. 24097684
    Southern District No. 3256013
    nfigueroa@dykema.com
    112 E. Pecan, Suite 1800
    San Antonio, Texas 78205
    (210) 554-5500
    (210) 226-8395 (Fax)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of June, 2021, I electronically filed and served the foregoing document with the Clerk of Court using the CM/ECF system, in accordance with the Federal Rules of Civil Procedure:

Jeffrey C. Jackson
Jeffrey Jackson & Associates, PLLC
2200 N. Loop West, Suite 108
Houston, TX 77018
jeff@jjacksonllp.com

By: */s/ Brett W. Schouest*
    Brett W. Schouest